Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for payment of future medical expenses, the Full Commission AFFIRMS in part and MODIFIES in part the Opinion and Award of the deputy commissioner as follows.
The Full Commission finds as fact and concludes as matters of law the following, which were agreed upon by the parties at the hearing before the deputy commissioner, in a Pre-trial Agreement dated 10 April 1995, and in a Form 21 Agreement for Compensation for Disability approved on 4 November 1993 as
STIPULATIONS
At all times relevant herein, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and an employment relationship existed between the parties on 24 August 1993.
Wausau Insurance Companies was the carrier on the risk.
Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 24 August 1993.
Plaintiff's compensation rate is $293.35 per week.
*****************
The Full Commission adopts in part and modifies in part the findings of fact of the deputy commissioner and finds as follows
FINDINGS OF FACT
1. At the time of the hearing in this matter plaintiff was a thirty-six year old male. He has a general equivalency degree (GED) as well as an Associates Degree in electronic technology, but has never worked in that field. Plaintiff has also obtained training as a carpenter through the Job Corps. The majority of his work the last ten years has involved carpentry. His other work experience includes caddying at golf courses and working as a stock clerk in a retail store. Plaintiff was employed with defendant-employer as a carpenter. This position necessarily involved a lot of bending and lifting of items weighing fifty pounds or more.
2. On 24 August 1993 plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment when while riding in the back of one of his employer's pickup trucks the driver of the vehicle slammed on his brakes causing plaintiff to lose his balance and fall. Plaintiff sustained injuries to his left knee, neck, and low back as a result of this injury by accident.
3. Plaintiff attempted to continue working but was forced to stop working on 28 August 1993 when his pain became incapacitating. He sought medical treatment at the local emergency room.
4. After being treated at the emergency room plaintiff was referred to Dr. Richard Young, a Clinton orthopedic surgeon. Plaintiff also sought treatment from Dr. Ibrahim Oudeh, his family doctor, who referred him to Dr. Timothy L. Holcomb, a chiropractor.
5. Dr. Holcomb began treating plaintiff on 8 September 1993. By 1 December 1993 plaintiff's condition had improved and Dr. Holcomb released plaintiff to return to work. He was released from Dr. Holcomb's care on 22 December 1993.
6. On 3 November 1993 defendant-carrier referred plaintiff to Triangle Spine and Back Care for evaluation and treatment by Dr. Michael Gwinn, a physical medicine and rehabilitation specialist. Dr. Gwinn provided a conservative course of treatment consisting of medication and an aggressive back rehabilitation program at Back Builders which emphasized stretching and flexibility.
7. While under Dr. Gwinn's care plaintiff underwent a number of diagnostic studies, including nerve conduction studies and an EMG, all of which were normal, and an MRI, which did not show a disc herniation. He was also evaluated by Dr. Lestini, Dr. Gwinn's associate, in order to determine if plaintiff was a surgical candidate. After his evaluation of plaintiff Dr. Lestini determined that plaintiff would not benefit from surgery.
8. On 17 January 1994 Dr. Gwinn opined that plaintiff had reached maximum medical improvement and released plaintiff from his care to return to work on 18 January 1994. He assigned plaintiff a five percent (5%) permanent partial impairment to his back as a result of his injury by accident.
9. Plaintiff's 24 August 1993 injury by accident materially aggravated his pre-existing, but previously asymptomatic degenerative disc disease in his lumbar spine. However, plaintiff has remained capable of returning to unrestricted work, including his regular carpenter's job, since 18 January 1994.
10. Although he has been released to return to unrestricted work plaintiff has not applied for work because he contends that he is no longer capable of the heavy work required by the type of carpenter job he had when he was injured. He also contends that the light work he admits to being capable of performing would pay substantially less than the $10.00 an hour he was earning as a carpenter and would not be appropriate for someone of his education.
11. Plaintiff was paid temporary total disability from 28 August 1993 through 1 July 1994.
12. Because the evidence was conflicting as to whether plaintiff remained disabled by his 24 August 1993 back injury and/or was in need of continuing medical treatment plaintiff had reasonable grounds for pursuing this claim and defendants are not entitled to an award of attorney fees pursuant to the provisions of N.C.G.S. § 97-88.1.
13. On 20 July 1994 defendants filed a Form 24 Application of Employer or Insurance Carrier to Stop Payment of Compensation, which was approved by the Commission on 4 August 1994. Defendants stopped payment of temporary total disability benefits on 1 July 1994 without the prior approval of the Industrial Commission.
****************
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. On 24 August 1993 plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment. As a result of the injuries sustained in this accident plaintiff's pre-existing but previously asymptomatic degenerative disc disease was materially aggravated which ultimately resulted in a five percent (5%) permanent partial impairment to his back. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to payment by defendants of all medical expenses incurred or to be incurred as a result of his compensable injury for so long as medical treatment is reasonably required to effect a cure, provide relief, and/or would tend to lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
3. Plaintiff is entitled to fifteen weeks of compensation at a rate of $293.35 per week. In the discretion of the Full Commission defendant-employer is allowed a credit for the over-payment of temporary total disability benefits between 18 January 1994 and 1 July 1994, the date defendants stopped compensation payments. N.C.G.S. § 97-31(23).
4. This matter was not prosecuted by plaintiff without reasonable ground based on stubborn, unfounded litigiousness; therefore, defendants are not entitled to an award of attorney fees pursuant to the provisions of N.C.G.S. § 97-88.1.
***************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for additional indemnity benefits must be and is hereby DENIED.
2. Defendants shall pay all reasonable medical expenses incurred or which may be incurred in the future by plaintiff as the result of his compensable injury by accident of 24 August 1993 when bills for the same have been submitted and approved through procedures adopted by the Industrial Commission.
3. Defendants shall pay the costs including an expert witness fee in the amount of $200.00 to Dr. Oudeh and $600.00 to Dr. Gwinn if he has not already been paid.
4. Defendants' request for attorney fees pursuant to the provisions of N.C.G.S. § 97-88.1 is DENIED.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
BSB:be